## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ELI MERCED, | ) | |
| | ) | Case No. 1:14-cv-05991 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| WEST ASSET MANAGEMENT, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, ELI MERCED, by and through his attorneys, and for his Complaint against the Defendant, WEST ASSET MANAGEMENT, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in St. Charles, Illinois.

5.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8.      On information and belief, Defendant is a corporation of the State of Delaware, which is not licensed to do business in Illinois, and which has its principal place of business in Omaha, Nebraska.

## FACTS COMMON TO ALL COUNTS

9.      On or about February 27, 2014, Defendant placed a telephone call to Plaintiff at his place of employment in an attempt to collect the alleged debt.

10.     During that communication, Plaintiff spoke with an employee, agent and/or representative of Defendant who identified herself as "Brittany."

11.     Plaintiff informed Brittany that he was represented by an attorney with respect to the alleged debt and requested that Defendant not place any more telephone calls to him at his place of employment.

12.     Brittany stated to Plaintiff that if he did not pay any money towards the alleged debt, then Defendant would "find a way to get it."

13.     Despite having been informed of Plaintiff's attorney's representation, and despite Plaintiff having requested that Defendant not place any more telephone calls to him at his place of employment, Defendant placed another telephone call to Plaintiff at his place of employment on February 28, 2014, in a further attempt to collect the alleged debt.

14.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

15.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer humiliation, embarrassment, stress, aggravation, emotional distress and mental anguish.

## COUNT I

16.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

17.     Defendant violated 15 U.S.C. § 1692b(6) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

18.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

19.    Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

20.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

21.     Defendant violated 15 U.S.C. § 1692c(a)(3) by communicating with Plaintiff at Plaintiff's place of employment where Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.

WHEREFORE, Plaintiff prays for the following relief:

      a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.     Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

22.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

23.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

24.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

25.     Defendant violated 15 U.S.C. § 1692d(2) by using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

26.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

27.     Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,


ELI MERCED


By:     /s/ David B. Levin____
            Attorney for Plaintiff


David B. Levin
Illinois Attorney No. 6212141
Upright Litigation LLC
25 E. Washington Street
Suite 400
Chicago, IL 60602
Phone:  (312) 878-1867
Fax:  (866) 359-7478
dlevin@lawsolutionsbk.com